```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
            GREENVILLE DIVISION
```

| | | |
|---|---|---|
| John Douglas Alexander, #194748, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 6:16-0600-HMH-KFM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on John Douglas Alexander's ("Alexander") motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons that follow below, the court denies Alexander's motion.

The court previously summarily dismissed Alexander's 28 U.S.C. § 2254 petition in an order dated February 28, 2017. (Feb. 28, 2017 Order, ECF No. 62.) On March 23, 2017,[1] Alexander filed a Rule 59(e) motion to alter or amend the judgment. (Mot. Alter or Amend J., ECF No. 66.) The court denied Alexander's Rule 59(e) motion in an order dated April 3, 2017. (Apr. 3, 2017 Order, ECF No. 67.) On April 25, 2017,[2] Alexander filed the instant motion to alter or amend. (Mot. Relief J., ECF No. 69.) In light of the fact that Alexander previously filed a Rule 59(e) motion, which the court denied on April 3, 2017, the court construes the instant motion as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This matter is ripe for consideration.

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

[2] See id.

1

Rule 60(b) "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979) (internal quotation marks omitted). "The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Id. at 102. In this case, Alexander contends, as he did in his Rule 59(e) motion, that the court failed to consider grounds raised in his § 2254 petition. (Mot. Relief J. 1-2, ECF No. 69.) Additionally, Alexander argues that the magistrate judge failed to consider all of Alexander's grounds for relief. (Id., ECF No. 69.)

As the court noted in its February 28, 2017, and April 3, 2017 orders, in the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The court fully considered Alexander's specific objections to the Report and Recommendation and found that they were without merit. Further, Alexander's contention that the magistrate judge did not consider all of the grounds for relief in his § 2254 petition is not supported by the record. Based on the foregoing, Alexander's motion for relief from the judgment is denied.

It is therefore

**ORDERED** that Alexander's motion for relief from judgment, docket number 69, is denied. It is further

**ORDERED** that Alexander's motion to hold appeal in abeyance, docket number 76, is denied as moot.

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
May 3, 2017

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.